**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dalton Timothy Conway,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-19-05795-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiff Dalton Conway's appeal of an Administrative Law Judge's ("ALJ") denial of his applications for certain social security benefits. The Court has reviewed the Opening Brief (Doc. 12, Pl. Br.), the Response (Doc. 15, Def. Br.) and the Reply (Doc. 16, Reply) as well as the Administrative Record ("R."). For the reasons expressed herein, the Court reverses the administrative law judge's decision and remands for additional proceedings.

**I. BACKGROUND**

Mr. Conway has endured many hardships. His birth mother allegedly abused him. (R. at 1489.) A family later adopted him, but he still struggles with a number of ailments, some of which are linked to his prior abuse. (*Id*. at 1490.) The ALJ found that Mr. Conway has these severe impairments: autism, depression, generalized anxiety disorder and an unspecified cognitive disorder. (*Id*. at 18.) Despite this, the ALJ found that Mr. Conway could perform certain jobs and did not qualify as disabled under the social security regulations. (R. at 27-28.) The Social Security Administration's (the "SSA")

Appeals Council denied review, making the ALJ's ruling the final decision of the Commissioner of Social Security (the "Commissioner"). (*Id.* at 1.) Mr. Conway filed suit arguing that the ALJ did not follow the proper procedures for denying his claims. (Doc. 1; Pl. Br. at 1.) The Commissioner concedes that the ALJ's decision is not supported by substantial evidence. (Def. Br. at 3.) The key dispute is whether an ALJ should engage in further proceedings to determine Mr. Conway's disability status or the Court should declare him disabled and order an ALJ to determine the amount to which he is entitled.

## II.     LEGAL STANDARD

The Court only reviews the challenged portions of an ALJ's decision. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) ("[The Court] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief."). The Court may set aside the decision only when it is not supported by "substantial evidence" or is based on legal error. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* at 674–75; *see also Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."). "Yet [the Court] must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Trevizo*, 871 F.3d at 675. "[The Court] review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.* "Finally, [the Court] may not reverse an

ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

To determine whether a claimant is disabled under the Social Security Act, the ALJ engages in a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(4). The burden of proof is on the claimant for the first four steps but shifts to the Commissioner at the fifth. *Molina*, 674 F.3d at 1110. At step one, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in a certain federal regulatory provision. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is capable of performing past relevant work.[*] *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step and determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled; if not, he is disabled. *Id.*

## III. DISCUSSION

### A. ALJ's Improper Discounting

Mr. Conway argues that the ALJ did not follow the appropriate regulations for weighing medical opinion evidence. Specifically, the ALJ did not give sufficient reason for assigning little weight to the examining psychiatrist, Dr. Greg Peetoom. (Pl. Br. 11-13.) Further, the ALJ assigned great weight to the opinions of Dr. Tim Layton and Dr. Hillary Weiss but did not address certain aspects of their reports. (*Id.* at 7-8).

---

[*] "[R]esidual functional capacity is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1).

Additionally, the ALJ assigned little weight to the vocational expert's opinion (*Id*. at 8-11) and discredited the subjective testimony of Mr. Conway and his mother (*Id*. at 13-17).  Mr. Conway argues that the ALJ did not satisfy the applicable requirements for discounting that evidence either.  The Commissioner concedes that the ALJ's decision was improper at the very least because it purportedly gave Dr. Layton's opinion great weight but did not explain why the RFC finding was inconsistent with that opinion. (Def. Br. at 13-14.)  That concession does not end the matter.  The parties disagree over how to proceed in light of the ALJ's error.

### B.     Proper Remedy

Mr. Conway's preferred remedy is for the Court to remand this case for a computation of benefits under what is sometimes called the credit-as-true rule.   (Pl. Br. at 23.)  This remedy is rare and discretionary.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). It is a departure from the norm of remanding for further proceedings prior to a disability determination.  In order for the Court to apply the credit-as-true rule, three factors must be present: (1) the ALJ must have rejected evidence for legally insufficient reasons; (2) the record has to be fully developed without any outstanding issues necessary to determine whether a claimant is disabled under the social security regulations; (3) the record must, with certainty, reflect that a remand should result in a finding that the claimant is disabled.  *Id*. at 1100–1101.  Here, the Court agrees with the Commissioner that this case is not appropriate for application of the credit-as-true rule.

All parties agree that the decision was legally insufficient, thus satisfying factor one.  However, the other two factors preclude a remand for computation of benefits.  First, the record is not fully developed.  Mr. Conway implicitly admits this by noting what he calls new and material evidence that the ALJ did not have an opportunity to consider. (Pl. Br. at 20-23.)  Secondly, the record contains ambiguities and discrepancies better resolved by an ALJ.  For example, Dr. Peetoom noted that Mr. Conway was a slow worker during tests and may require "a higher level of supervision to facilitate consistent

completion of instructions." (R. at 1247.) On the other hand "he was generally able to complete tasks . . . ." (*Id.*) A vocational expert can help an ALJ determine whether Mr. Conway can find competitive employment in light of these restrictions. Dr. Layton opined that Mr. Conway could only perform routine tasks with little change. (Pl. Br. at 7.) Dr. Weiss said that Mr. Conway could perform less demanding work in a low-stress environment. (*Id*. at 8.) Again, the Court agrees with the Commissioner it is not clear that the ALJ would have found Mr. Conway disabled even if these limitations had been incorporated. (Def. Br. at 19-20.)

The subjective testimony also contains discrepancies. Mr. Conway's mother's testimony is at odds with certain medical evidence. For example, she said that her son has seizures almost every day, but clinical notes do not support that assertion. (R. at 633, 1446.) Mr. Conway argues that the ALJ already questioned the mother about the inconsistencies and the Commissioner should not get a second bite at the apple. (Reply at 2-3.) The Court, in its discretion, disagrees and concludes that these issues should be sorted out by an ALJ.

Finally, the Court turns to the vocational expert's testimony and vocational evaluator's opinion. Mr. Conway argues that the ALJ did not properly account for the testimony of vocational expert Kristian Cicero. She testified that he could not sustain competitive employment if he were off task more than 15 percent of the day. (Pr. Br. at 5 (citing R. at 640).) But Mr. Conway does not point to a statement in the record that he would indeed be off task for that long. Mr. Conway also argues that the ALJ improperly discounted the opinion of vocational evaluator, Joseph Burridge. (Pl. Br. at 8-11.) Ultimately, however, Mr. Burridge concluded that "further insights of appropriate medical or behavioral health professionals" would be needed to assess his ability to perform work-related activities. (R. at 1287.) Mr. Conway's arguments thus do not show, as required, that an ALJ would, on remand, find him disabled.

The Court concludes that outstanding issues and ambiguity as to whether Mr. Conway would be found disabled on remand preclude application of the credit-as-true

rule. Alternatively, the Court, in its discretion, concludes that a new hearing to examine the merits of this claim is appropriate.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** reversing the November 20, 2018 decision of the Commissioner, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 10th day of September, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge